UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANTONIO SCOGGINS** | : | **CIVIL ACTION NO. 12-cv-1752** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **GEO GROUP, INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion for Injunction by plaintiff, Antonio Scoggins. Doc. 10. For the reasons discussed herein, the motion is **DENIED.**

Plaintiff instituted this civil rights action pursuant to 28 U.S.C. § 1983. He alleged in his complaint that defendant Capt. Daniel Granger falsified a disciplinary report in an act of racial discrimination. Doc. 1.

The instant motion does not arise out of the alleged conduct underlying the complaint. Rather, plaintiff contends that Capt. Granger retaliated against plaintiff when he learned that plaintiff had instituted suit in this court. He alleges that Capt. Granger assaulted him, causing injuries to his left shoulder and right knee. Doc. 10.

Plaintiff includes three separate requests for relief. The undersigned will address each request in turn.

A. **Restrain Defendants:**

Plaintiff asks this court to issue a "restraining/protective order against all the employees involved with [the act of retaliation] that was motivated by" plaintiff mentioning that he had filed the underlying suit. Plaintiff seeks protection from future acts of retaliation.

-2-

Plaintiff styles his motion as one for injunctive relief. The court cannot give relief as is understood by that term of art. The conduct described in the pending motion arises out of a related, yet wholly separate, set of circumstances than the underlying case. The allegations of the pending motion were not pled in the original petition and plaintiff has not amended his petition to add a claim based on retaliation.

The court notes that plaintiff has been granted leave to proceed *in forma pauperis* his complaint is still under initial review. That review will determine whether plaintiff's claim is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks relief from a party with immunity. Plaintiff cannot circumvent this important screening process by filing separate motions for injunctive relief without also raising these allegations by way of an amended petition.

Even if plaintiff had amended his petition to assert a claim for retaliation, plaintiff would still not be entitled to the relief requested.

To prevail on a claim of retaliation, plaintiff must establish (1) the exercise of a specific constitutional right, (2) a defendant(s) intended to retaliate the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). "Causation requires a showing that 'but for the retaliatory motive the complained of incident . . . would not have occurred.'" *Id.* (quoting *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Further in order to receive a preliminary injunction a plaintiff must prove (1) a substantial likelihood of success on the merits of his case, (2) a substantial threat that failure to grant the order will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction will cause defendants, and (4) the injunction will not have an adverse affect on the

public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001). Plaintiff must prove all four elements, and the failure to prove any one of the elements will result in denial of the motion. *Enterprise Intern, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Plaintiff has not undertaken the task to demonstrate that any of the factors listed described in relation to a claim of retaliation. Perhaps most importantly, plaintiff has not made a threshold showing that it is likely that he will succeed on the merits of his claim. It is insufficient that plaintiff merely assert that Capt. Granger previously retaliated against him for filing a civil suit in this court. As such, this request for relief is without merit.

**B. <u>Right to File Criminal Charges</u>:**

Plaintiff also requests this court to order the Allen Parish Sheriff's Office to permit him to file criminal charges against the employees of the G.E.O. Group that are named defendants in the underlying action. He asserts that Capt. Granger committed the crime of Second Degree Battery and he asserts that all of the defendants, including Capt. Granger, have committed the crime of Obstruction of Justice by hindering his effort to communicate the crime.

This request for relief is without merit. While plaintiff includes this prayer for relief in his broader motion for an injunction; it is more a request for mandamus relief.

In any event this court is without authority to grant the requested relief. The Allen Parish Sheriff is not a party to this litigation and plaintiff has not provided any authority that indicates that this court has the power to direct the conduct of a party not before it. Similarly, plaintiff has provided no authority that the court has the authority to order a sheriff, by way of mandamus or otherwise, to permit an individual to file criminal charges.

    C. **Prison Transfer:**

Plaintiff further requests that this court order that he be transferred to another prison facility. He is not entitled to this relief.

It is well settled that prisoners do not have a constitutional right to be incarcerated in any particular institution. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Decisions regarding the placement of prisoners and whether to transfer a prisoner are essential to prison management. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *see also Montanye v. Haymes*, 427 U.S. 236 (1976). These decisions are left to the discretion of prison officials and are not subject to judicial oversight as long as the conditions of confinement to which plaintiff is subjected do not otherwise violate the Constitution. *Shaw v. Murphy*, 532 U.S. 223, 228 (2001).

For the foregoing reasons petitioner's motion is **DENIED.**

THUS DONE this 25th day of February, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE