UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANTONIO SCOGGINS | : | CIVIL ACTION NO. 2:12-cv-1752 |
| | | SECTION P |
| VERSUS | : | JUDGE MINALDI |
| GEO GROUP, INC., ET AL | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed *in forma pauperis* by plaintiff Antonio Scoggins (herein "Scoggins"). Scoggins is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (herein "LDOC"), and he is incarcerated at the David Wade Correctional Center in Homer, Louisiana. However, he complains of events that occurred at Allen Correctional Center (herein "ACC") in Kinder, Louisiana. As defendants, he names Global Expertise in Outsourcing Group, Inc. (herein "GEO") and its CEO Wayne Calabrese, Brett Faulk, ACC Assistant Warden Anthony Allemand, and ACC officers Capt. Daniel Granger, Master Sgt. Robert Tillis, Capt. Langley, and Sgt. Adams.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **SERVED IN PART, AND DISMISSED IN PART WITH PREJUDICE.**

# I.
# Background

### A. *Procedural*

Following initial review of Scoggins' original complaint, this court issued a memorandum order [doc. 17] to which Scoggins responded [doc. 18]. Subsequently, plaintiff filed an amended complaint [doc. 32] wherein he added former ACC employee Lt. Faulk as a defendant. *Id.* Thereafter, the court filed another amend order [doc. 36], to which Scoggins filed a third amended complaint. [Doc. 39].

### B. *Facts*

In his original and first amended complaints, Scoggins states that on February 1, 2012, he requested placement in protective custody. Doc. 1, p. 3. He was referred to defendant Granger who was the head captain of the Jupiter Unit in which he was housed. *Id.* Scoggins claims that Granger could not convince him to change his mind about being placed in protective custody so Granger falsified a disciplinary report against him. *Id.* Scoggins states that Granger did this with knowledge of a previous incident involving plaintiff and another inmate which occurred on October 4, 2011, in the Jupiter Unit. *Id.* Following that incident, Scoggins claims, Granger placed the other inmate in protective custody because the inmate stated that he was afraid of Scoggins but Granger placed Scoggins in pre-hearing detention. *Id.* Scoggins claims that the differential treatment constituted racial discrimination in violation of his constitutional right to equal protection because the other inmate was white. *Id.* Scoggins does not provide his ethnicity.

Through his original and first amended complaints Scoggins also claims that his Eighth Amendment rights have been violated because he experienced rapid weight loss as a result of an inadequate diet while living in administrative segregation. Doc. 1, p. 4. He further claims that

defendant Allemand's inaction and failure to investigate the February 1, 2012, incident violated his constitutional rights. *Id.*

In his second and third amended complaints, Scoggins claims that on September 19, 2012, Faulk physically assaulted him by slamming him into a metal frame and then on to the floor while plaintiff was handcuffed. Doc. 32, pp. 3, 4. He alleges that this was done in retaliation for his naming Faulk as a witness in the underlying civil matter made the basis of this suit. Doc. 39, p. 1. A health care request form [doc. 29-1] dated December 17, 2012, shows that he received a spinal x-ray on December 3, 2012. It is noted that the results of the x-ray were normal. The form also states that he was already on medication as needed.

### C. Damages and Relief

As a result of the February 1, 2012, incident, Scoggins claims that he suffered weight loss, general pain and suffering, mental anguish, and humiliation. He prays for compensatory and punitive damages, and requests that all of the named defendants (except for Wayne Calabrese) be terminated from their employment with GEO at ACC. Doc. 1, p. 4.

As a result of the September 19, 2012, incident, Scoggins alleges that he sustained injuries to his left shoulder, right knee, and back. Doc. 32, p. 4. As relief, he seeks monetary damages for physical injuries, mental anguish, and retaliation. *Id.*

## II.
## Law and Analysis

### A. Screening

Scoggins has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v*

*Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

## B. Incident of February 1, 2012

### 1. Racial Discrimination

In regard to Scoggins' equal protection claim based on racial discrimination, the Equal Protection Clause of the Fourteenth Amendment requires essentially that all persons similarly situated be treated alike. See *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). In order to successfully plead an equal protection claim, a civil rights plaintiff must allege that the defendant created two or more classifications of similarly situated prisoners that were treated differently, and that the classification had no rational relation to any legitimate governmental objective. See *Johnson v. Rodriguez*, 110 F.3d 299, 306, 307 (5th Cir.), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). See also, *McKnight v. Eason*, 227 Fed. Appx. 356 (5th Cir.2007), unpublished ("To state an equal protection claim, [Magee] must allege, inter alia, that similarly situated individuals have been treated differently and he must also allege purposeful or intentional discrimination.").

Despite his many amended complaints, Scoggins has provided only conclusory allegations concerning his supposed differential treatment and thus he has not adequately pleaded an Equal Protection Clause violation. His claim of discrimination on the basis of race should be dismissed with prejudice.

### *2. Retaliation*

Scoggins states that defendant Granger issued a false disciplinary report against him in retaliation for his refusal to change his mind about wanting to be placed in protective custody. It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995), *cert. denied*, 516 U.S. 1084 (1996). However, as the Fifth Circuit has repeatedly emphasized, claims of retaliation from prison inmates must be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions. *Woods v. Smith*, 60 F.3d at 1166. To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997) (quoting *Woods v Smith*, 60 F.3d at 1166); *McDonald v. Steward*, 132 F.3d 225 (5th Cir. 1998)). Further, "[t]he inmate must allege more than his personal belief that he is the victim of retaliation…" [and] "must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir.1999).

Although he was given ample opportunity to set forth the facts underlying his complaint, Scoggins has failed to allege any scenario which could show that, but for a retaliatory motive, in retaliation for exercising a constitutional right, the incidents of which he complains would not have occurred. His subjective belief that defendant Granger had retaliatory motives is insufficient to maintain this claim and it should therefore be dismissed with prejudice.

### 3.  *Inadequate Diet*

Scoggins claims that his diet in administrative segregation was inadequate and that he rapidly lost weight as a result.

The deprivation of food constitutes cruel and unusual punishment in violation of the Eighth Amendment if it denies an inmate the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Scoggins' only stated injury resulting from the alleged inadequate diet is a loss of weight. He does not claim that his health was otherwise put at risk. In sum, his claims do not show that the meals he was served were so inadequate that they denied him the minimal civilized measure of life's necessities amounting to a cruel and unusual punishment.  Accordingly, this claim should be dismissed with prejudice.

### 4.  *Supervisory Liability*

In addition, Scoggins has not stated sustainable claims against GEO, Wayne Calabrese, Master Sgt. Robert Tillis, Captain Langley, Sgt. Adams, or Assistant Warden Allemand.

It is clear that these parties are named in their supervisory capacities.  It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*.  See *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935 (1990). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.  *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir.1998).  Scoggins has not made any such allegations herein.

### C. Incident of February 12, 2012

Scoggins' claims against defendant Faulk in regard to the incident that occurred on February 12, 2012, survive review and should be served upon defendant Faulk. A separate order will issue herein instructing the clerk on that issue.

### III.
### Conclusion

Accordingly,

**IT IS RECOMMENDED** that Scoggins' civil rights complaint be **DISMISSED, IN PART, WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 10th day of March, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE